

**NUMBER 13-06-205-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRUCE WAYNE GERARD,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 214th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Yañez

A jury found appellant, Bruce Wayne Gerard, guilty of aggravated assault[1] and assessed punishment at twenty years' imprisonment and a $10,000 fine. In his sole issue on appeal, appellant argues that the trial court, after engaging in an informal inquiry into appellant's competency, erred by not staying all proceedings and ordering an examination.[2]

---

[1] TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2008).

[2] *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004(d), 46B.005(a) (Vernon 2006).

We affirm.

## Applicable Law

A person is incompetent to stand trial if the person does not have (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding, or (2) a rational as well as factual understanding of the proceedings against the person.[3] The trial court or either party may suggest that "the defendant may be incompetent to stand trial."[4] "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial."[5] An informal inquiry "is required only if the evidence brought to the judge's attention raises a bona fide doubt in the judge's mind about the defendant's competency to stand trial."[6] The court of criminal appeals has stated that "[e]vidence is usually sufficient to create a bona fide doubt if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant."[7] If after an informal inquiry, the trial court determines there is evidence to support a finding of incompetency, the trial court shall "stay all other proceedings in the case"[8] and "order an examination to determine

---

[3] *Id.* art. 46B.003(a) (Vernon 2006).

[4] *Id.* art. 46B.004(a).

[5] *Id.* art. 46B.004(c).

[6] *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).

[7] *Id.* (internal quotations omitted).

[8] TEX. CODE CRIM. PROC. ANN. art. 46B.004(d).

whether the defendant is incompetent to stand trial in a criminal case."[9]

## Discussion

Dr. Jose Pagan, a psychiatrist, testified that he had recently interviewed appellant on two occasions. Dr. Pagan stated that these interviews led him to formulate opinions about appellant's mental health; but in order to make a comprehensive evaluation of his health, he needed appellant to take tests that would evaluate his intelligence level. Dr. Pagan was concerned that appellant was not competent to stand trial because he exhibited a low intelligence level. According to Dr. Pagan, appellant was "somewhat anxious, nervous," and "guarded" during their first meeting because he feared that Dr. Pagan was there to send him to a psychiatric hospital for treatment. Dr. Pagan further testified that appellant was not taking his medication for depression; as a result, appellant was "clinically depressed, and his depression [was] complicated by a psychotic component, hallucinatios [sic] and delusional thoughts, paranoia." In response to Dr. Pagan's testimony, the trial court had appellant evaluated by Dr. Troy Martinez, a forensic psychologist. Dr. Martinez concluded that appellant's intelligence level was low, but he was not mentally retarded. Appellant's counsel also made remarks about appellant's intelligence. Counsel stated he was concerned that appellant had been unable to make an intelligent decision when he rejected a plea bargain from the State.

This Court is not being asked to assess whether there should have been a bona fide doubt in the trial judge's mind about the defendant's competency to stand trial, which is the evidentiary requirement that must be satisfied to compel an informal inquiry. Rather, the Court is being asked to assess whether the trial court had some evidence to support a

---

[9] *Id.* at 46B.005(a).

finding of incompetency, thus compelling the trial court to hold an evidentiary hearing.[10] The above stated facts do not demonstrate that appellant lacked the ability to consult with his counsel with a reasonable degree of rational understanding, nor do they demonstrate that appellant lacked a factual understanding of the proceedings against him.[11] Dr. Martinez did not specifically address these matters. As for Dr. Pagan, he stated that appellant appeared to understand "the judicial process, that lawyers represent him, that there's a state lawyer that prosecutes him, that the judge is the one that mediates over the case." He also stated that appellant knew the consequences of being found guilty. At the conclusion of Dr. Pagan's testimony, the following exchange occurred between him and the trial court:

THE COURT: Doctor, you say you think that it would be very helpful [to commit appellant for thirty days for additional evaluation], but you're not sure that it's gonna make any difference one way or the other. You've already told us he's competent to stand trial. You told us that he understands right from wrong. He understands the actions that he committed were wrong. Am I correct?

[DR. PAGAN]: Based on my evaluation, yes.

. . . .

[DR. PAGAN]: . . . I'll say I'm not 100 percent sure whether or not [appellant] is fully competent. Okay? I have serious concern—question about his intelligence level.

THE COURT: Well, intelligence level and competence and knowing right from wrong are two different things.

[DR. PAGAN]: Yes.

---

[10] *See id.* at 46B.005(b), (c).

[11] *See id.* at 46B.003(a).

4

Dr. Pagan's concerns about appellant's intelligence were addressed by Dr. Martinez's conclusion that appellant was not mentally retarded.[12]  Moreover, Dr. Pagan's concerns did not constitute evidence supporting a finding of incompetency; the relevance of his concerns was negated by his own testimony that appellant understood the judicial process and appreciated the consequences that came with conviction.  Finally, appellant's refusal to accept the State's plea bargain, by itself, does not constitute evidence supporting a finding of incompetency.  It is conceivable that appellant rejected the plea bargain because he believed in the strength of his case, and/or because he appreciated and wished to avoid the consequences that came with accepting the bargain, which would have required appellant to plead guilty in exchange for the State recommending a 45-year sentence.[13]  Accordingly, there was no evidence supporting a finding of incompetency.

**Conclusion**

The trial court's judgment is affirmed.

LINDA REYNA YAÑEZ,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 23rd day of October, 2008.

---

[12] Dr. Martinez's written evaluation of appellant lends support to a finding of competency.  The report states the following:  "[Gerard] had no significant problems understanding instructions or questions. . . . General quality of thinking was slow and dull but thought processes were logical, coherent, relevant and goal-directed."

[13] We note that appellant was better off having rejected the State's recommended 45-year sentence, because the jury ultimately gave appellant a 20-year sentence.